## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENT BOYLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: _____ |
| ) | |
| BOHM FARM & RANCH, INC. ) | |
| ) | |
| And ) | |
| ) | |
| PETER BOHM ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Brent Boyle ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendants Bohm Farm & Ranch, Inc. ("Defendant") and Peter Bohm hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff worked as a dispatcher for Defendant from April to October, 2021.

2. Plaintiff worked in excess of forty (40) hours per week but never received overtime pay or any other benefits from Defendant.

3. Instead, Defendant improperly labeled Plaintiff as an "independent contractor" as opposed to the employee he was.

4. In doing so, Defendant willfully violated the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., in order to cut costs at Plaintiff's expense.

5. Plaintiff is entitled to overtime pay and other damages as set forth and alleged below.

6. Plaintiff is also entitled to compensation from Peter Bohm based on his spreading false and defamatory statements about Plaintiff to third parties.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Federal question jurisdiction over the FLSA claims of Plaintiff is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's defamation claim pursuant to 28 U.S.C. § 1367(a).

8. Defendant is subject to the personal jurisdiction of this Court because it is a Kansas corporation with its principal place of business in Salina, Kansas.

9. Defendant Peter Bohm is subject to the personal jurisdiction of this Court because it he is a citizen and resident of Kansas.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the actions and events at issue all occurred within the State of Kansas.

## PARTIES

11. Plaintiff is a citizen and resident of Kansas.

12. Defendant is a Kansas corporation having its principal place of business in Kansas. It is in the transportation business, trucking food, grain, and other items all across the country.

13. Defendant Peter Bohm is the owner of Defendant.

14. At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

## **GENERAL ALLEGATIONS**

15. Plaintiff was a dispatcher for Defendant's trucking business.

16. Plaintiff performed the following, nonexclusive duties for Defendant:

    a. Arranged for trucks and drivers to deliver grain for Defendant's business;

    b. Collected payments from Defendant's customers;

    c. Answered phone calls to and from Defendant's customers and other business entities/divisions; and

    d. Answered and responded to phone calls from Defendant's owner, Defendant Peter Bohm, at all hours of the night.

17. The details and extent of the duties Plaintiff performed were decided and determined at the sole direction of Defendant and its CEO/Owner, Defendant Peter Bohm.

18. Plaintiff was required to be at Defendant's offices during the hours of 8:00 to 5:00 daily.

19. Plaintiff consistently worked at *least* sixty (60) hours per week for Defendant.

20. Plaintiff routinely worked weekends and nights.

21. On numerous occasions, Plaintiff would arrive at work at 4:30 a.m. and work the entire day and night.

22. Defendant never paid Plaintiff overtime for the hundreds and hundreds of hours of overtime he worked. Instead, Plaintiff was paid a small commission (similar to salesmen) *regardless* of the number of hours he worked.

23. Defendant never provided Plaintiff with any vacation, health care, or other benefits.

24. During the five years he worked for Defendant, Plaintiff never provided *any* service or work for any other person or entity other than Defendant. Indeed, Plaintiff's sole income came solely from Defendant.

25. The duration of Plaintiff's work for Defendant was continuous and of indefinite duration.

26. Plaintiff has never provided any services to Defendant or anyone else as a limited liability company or any other type of organization. Instead, all of the services he performed for Defendant were solely in his individual capacity and for the sole benefit of Defendant.

27. Plaintiff terminated his employment with Defendant in October 2021.

28. Almost immediately afterwards, Defendant Peter Bohm started spreading out-right lies about Plaintiff to third parties in the community.

29. Peter Bohm made the following defamatory statements about Plaintiff:

   a. Plaintiff had lost his pig farming operation;

   b. Plaintiff was going to lose his house; and

   c. Plaintiff had left his wife and kids.

30. All of these statements were categorically false.

31. Further, Peter Bohm's false statements injured Plaintiff's reputation in the community.

## ALLEGATIONS APPLICABLE TO THE FLSA

32. At all times relevant herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

33. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Defendant is subject to the overtime pay requirements of the FLSA because it is an

enterprise engaged in interstate commerce and its employees are engaged in commerce.

35. During all times relevant to this action, Defendant was the "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

36. During all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

37. Plaintiff is a covered, non-exempt employee within the meaning of the FLSA. Accordingly, Plaintiff must be paid overtime in accordance with 29 U.S.C. § 207(a).

38. Pursuant to the FLSA, Plaintiff is also entitled to be compensated at a rate of not less than one and one-half times of his regular rate for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

39. Although the FLSA contains some exceptions (or exemptions) from the overtime requirements, none of those exceptions (or exemptions) applies here.

40. In particular, the motor carrier exemption under the FLSA does not apply here. Plaintiff was a dispatcher. He was never a driver, driver's helper, loader, or mechanic for Defendant. In addition, Plaintiff never had any duties that affected the safety of operation of motor vehicles of any type.

### COUNT I – VIOLATION OF FLSA
**(Against Defendant Bohm Farms & Ranch, Inc.)**

41. Plaintiff re-alleges the allegations set forth above.

42. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201,et seq.

43. Defendant violated the FLSA by failing to pay Plaintiff all hours worked, including overtime.

44. Defendant is not eligible for any FLSA exemption excusing its failure to pay

overtime. Plaintiff is entitled to damages equal to the mandated overtime premium pay set forth in the FLSA, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

45. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

46. As a result of the aforesaid violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Award Plaintiff damages for unpaid overtime wages under 29 U.S.C. § 216(b);

b. Award Plaintiff liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiff pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiff attorneys' fees and costs under 29 U.S.C. § 216(b); and

e. Award Plaintiff such other relief as the Court deems fair and equitable.

### COUNT II – DEFAMATION
### (Against Peter Bohm)

47. Plaintiff re-alleges the allegations set forth above.

48. Defendant Peter Bohm stated false and defamatory words about Plaintiff to numerous third parties.

49. Defendant Peter Bohm knew his statements were false.

50. As a result of Defendant Peter Bohm's false and defamatory statements, Plaintiff

has suffered harm, including – without limitation – to his reputation.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Award Plaintiff compensatory and punitive damages;

b. Award Plaintiff pre-judgment and post-judgment interest as provided by law;

c. Award Plaintiff such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury of all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the federal court in Kansas City, Kansas, as the place of trial.

Dated: December 9, 2022

Respectfully submitted,

**POSPISIL SWIFT, LLC**

/s/      Michael D. Pospisil

Michael D. Pospisil    #18540
Matthew T. Swift       #25375
Pospisil Swift LLC
1600 Genessee St., Ste. 340
Kansas City, Missouri 64102
Tel: (816) 895-6440
Fax: (816) 895-9161
mdp@pslawkc.com
mts@pslawkc.com