Rev. 12/29/2022

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRENT BOYLE,**

    **Plaintiff,**

    **v.**

**BOHM FARM & RANCH, INC., et al.,**

    **Defendants.**

Case No. 22-cv-2513-HLT-TJJ

## SCHEDULING ORDER

On February 16, 2023, U.S. Magistrate Judge Teresa J. James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Brent Boyle appeared through counsel Michael D. Pospisil of Pospisil Swift, LLC by phone. Defendants Bohm Farm & Ranch, Inc. and Peter Bohm appeared through counsel Larry G. Michel of Kennedy Berkley by phone.[1]

Following is a brief summary of the nature of the case:

This case contains two causes of action. Count one is against both Defendants for failure to pay overtime as required by the Federal Labor Standards Act. Count two is against Defendant Peter Bohm for defamation. Subject matter exists in this Court based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's defamation claim pursuant to 28 U.S.C. § 1367(a).

Plaintiff's legal theories are that he was misclassified as an independent contractor and is entitled to backpay, and overtime pay. His defamation claim is based on false and defamatory statements Defendant Peter Bohm made about Plaintiff.

Defendants' primary defenses are that Plaintiff was an independent contractor and that Mr. Peter Bohm made no defamatory remarks about Plaintiff.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| BRENT BOYLE v. BOHM FARM & RANCH, INC. and PETER BOHM  22-cv-2513-HLT-TJJ  SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline |
| Jointly proposed protective order submitted to court | **March 13, 2023** |
| Motions to amend or join additional parties | **March 13, 2023** |
| Plaintiff's settlement proposal | **March 30, 2023** |
| Defendants' settlement counter-proposal | **April 14, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **April 28, 2023** |
| Mediation completed | **May 15, 2023** |
| Motion to change trial location | **May 29, 2023** |
| Experts disclosed | **June 13, 2023** |
| Rebuttal experts disclosed | **July 13, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **August 11, 2023** |
| Proposed pretrial order due | **August 25, 2023** |
| Pretrial conference in KCK Courtroom 236 | **September 5, 2023 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **September 29, 2023** |
| Motions challenging admissibility of expert testimony | **September 29, 2023** |
| Jury Trial in KCK — ETT 3 days | **Set at Pretrial Conference** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendants by **March 30, 2023**. Defendants must make a good-faith counterproposal by **April 14, 2023**. By **April 28, 2023** either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_james_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **May 15, 2023**. If mediation is ordered, it must be conducted in-person absent a request by the parties for virtual or remote mediation and the court's approval of such a request. The court will require any request to conduct mediation virtually or remotely to be supported by good cause. Defense counsel must file an ADR

report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/*.

**2.     Discovery.**

**a.**     The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.  To facilitate settlement negotiations and to avoid unnecessary expense, the parties have already exchanged copies of the documents described in their Rule 26(a)(1) disclosures.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.**     Discovery must be commenced or served in time to be completed by **August 11, 2023**.

**c.**     The parties agree that principles of comparative fault do not apply.

**d.**     As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **June 13, 2023,** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **July 13, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v.*

5

*Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

  **e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

  **f.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties may identify the electronic format and produce documents via electronic means such as e-mail, PDF, Word or WordPerfect documents, or use programs such as Windows Media Player, Trial Smith or Adobe. The parties have agreed to use of a protective order covering the parties' production of ESI and do not anticipate any specific issues at this time. Plaintiffs were advised that defendants will require a protective order for some documents that they expect to make available in this matter. Beyond that, there are no additional agreements between the parties at this time regarding ESI materials or assertions of privilege beyond the manner in which those matters are provided for in the Federal Rules of Civil Procedure. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the court and serving written discovery on this topic.

  **g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> Inadvertent disclosure of information or any documents (including electronic data) that contain information protected by the attorney-client privilege and/or the work product doctrine shall not waive any attorney-client privilege or work product privilege applicable to that information, document, or subject matter. As soon as

practicable, the producing party shall inform the receiving party, in writing, that the information or document is subject to a legitimate claim of privilege and the return of the information or document is promptly requested. As soon as practicable upon determining that privileged or work product information or documents have been produced, the receiving party shall inform the producing party in writing of its receipt of privileged or work product information.

Upon receiving written notice of the producing party's claim of privilege, or when the receiving party receives information produced by the other party which the receiving party recognizes as containing privileged or work product information, the receiving party shall treat the information as privileged and either: (1) promptly return the information or document to the producing party, (2) destroy all copies of the information or document, or (3) if the receiving party has a good faith basis to believe the information is not privileged, may challenge the producing party's claim. Until an agreement is reached or a determination is made by this court, such information shall be treated as privileged and may not be used or disclosed in any manner. In the event the receiving party destroys the information, the receiving party shall so inform the producing party in writing within ten (10) days that the information has been destroyed.

**h.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

Discovery disputes will be initially addressed via a phone call between lead counsels for the affected parties. Depositions will be taken by agreement and will be limited in number to 10 total in the case and will be limited length by Rule 30. The parties will share the same court reporter and videographer. Papers will be served by e-mail on all counsel at the e-mail address listed in the respective signature blocks to this Report. Documents will be produced on a rolling basis. Exhibits will be numbered sequentially. The parties will share the expense of imaging deposition exhibits. Neither side will be entitled to discovery of communications with counsel or draft expert reports. Inadvertent production does not waive the privilege.

**i.** All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**j.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed

protective order by **March 13, 2023**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **k.**    The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

    **l.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions**

    **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **March 13, 2023**.

    **b.**    Any motion for defendants to change the trial location from Kansas City, KS to Wichita, KS shall be filed by **May 29, 2023**.

**c.**     All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **September 29, 2023**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**d.**     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**e.**     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **September 29, 2023**.

**f.**     Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion,

9

material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

**g.**     To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**h.**     See D. Kan. Rule 7.1(d)(1)–(4), amended effective December 1, 2022, for applicable page limitations for discovery-related motions, summary judgment motions, and other motions.

**4.     Pretrial Conference, Trial, and Other Matters.**

**a.**     Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **September 5, 2023 at 10:00 a.m.** in the U.S. Courthouse, Room 236, 500 State Ave., Kansas City, Kansas before Magistrate Judge Teresa James.  Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **August 25, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.**     The parties expect the jury trial of this case to take approximately 3 trial days in Kansas City, Kansas before District Judge Holly L. Teeter.  The court will subsequently set this case for trial at the Pretrial Conference.

      **c.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

      **d.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated February 17, 2023, at Kansas City, Kansas.

                                                                                 _____
                                                                                 Teresa J. James
                                                                                 U. S. Magistrate Judge